IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT WHITE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:20-cv-1219 |
| | § | |
| | § | |
| PATRIOT ERECTORS LLC | § | |
| | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

**COMPLAINT**

Plaintiff, ROBERT WHITE, files this Complaint and Jury Demand against Defendant PATRIOT ERECTORS LLC. alleging willful violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. Sec. 1981. For causes of action, Plaintiff would show the Court as follows:

**I.
PARTIES, JURISDICTION, VENUE, AND
ADMINISTRATIVE EXHAUSTION**

1. Plaintiff, ROBERT WHITE, is a resident of Hays County, Texas.

2. Defendant PATRIOT ERECTORS LLC is an entity which can be served with Citation through its Registered Agent, Registered Agent Solutions, 1701 Directors Blvd, Suite 300, Austin, Texas, 78744-0000, USA.

3. At all times relevant to this case, Defendant PATRIOT ERECTORS LLC acted as Plaintiff's employer.

4. This Court has jurisdiction to hear the merits of Mr. White's claims under 28 U.S.C. §1331. The Court has supplemental jurisdiction over Mr. White's claims arising under Texas statutory law under 28 U.S.C. §1367. Venue is proper in this district and division under 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred within this district and division.

5. Plaintiff exhausted his administrative remedies in this case by filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission and the Texas Workforce Civil Rights Division on August 11, 2020, within 300 days of his termination in November 2019. Plaintiff received a Right to Sue notice from the U.S. Equal Opportunity Commission on or after September 25, 2020. 42 U.S.C. Sec. 1981 does not require the exhaustion of administrative remedies.

## II.
## FACTUAL BACKGROUND

6. Mr. White was hired by the Defendant in July 2009 as a Welder. He was promoted several times, first to Line Leader, then to Shop Foreman, and finally to Production Manager in or around 2013. Mr. White is Black.

7. In or around June 2018, Defendant sold its operations and a set of new managers came in the spring of 2019. In or around September 2019, Mr. White reported to Defendant's human resources representative that he was concerned about the new managers' use of racial slurs on the job. Shortly after that conversation, Mr. White learned that one of the new managers had said that he was mad at the "nigger in charge of shipping."

8. Mr. White reported Mr. Bailey's comment to Defendant's human resources department as well. Several weeks later, Defendant's CEO told Mr. White that the manager of

his area wanted to put someone else in his position.  He told Mr. White that he should take a few months off and then come back and they could look at another position for him, maybe a sales position.  A white employee with very little experience replaced Mr. White in the Production Manager position.

9. Mr. White took several weeks off, and returned in mid-November to meet with the CEO.  The meeting lasted approximately ten minutes.  Mr. White was not offered another position, and left.  Several weeks later, he met with the CEO again, but was told that they were not able to find any other comparable positions for him.  Defendant terminated Mr. White at that time.

### III.
### CAUSES OF ACTION

**COUNT ONE - DISCRIMINATION AND RETALIATION UNDER**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 42 U.S.C. SEC. 1981**

10. Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant. Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this complaint.

11. Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff was discriminated against because of his race (African-American) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e2(a)(1).

12. Defendant is an employer within the meaning of Title VII.

13. Title VII of the Civil Rights Act of 1964 states, in pertinent part, that, "(a) It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." Title VII of the Civil Rights Act of 1964 further prohibits retaliation against employees for opposing practices that violate Title VII.

14. 42 U.S.C. §1981 prohibits race discrimination and retaliation for reporting race discrimination in the making and enforcing of contracts, including the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges and conditions of the contractual relationship.

15. Defendant intentionally discriminated against Plaintiff because of his race and retaliated against him for opposing discriminatory conduct in violation 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964 by removing him from his job and terminating his employment. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages.

## IV.
## DAMAGES

16. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and

front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## V.
## COMPENSATORY DAMAGES

17.     Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of her race. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.
## PUNITIVE DAMAGES

18.     The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.
## ATTORNEYS' FEES AND EXPERT FEES

19.     A prevailing party may recover reasonable attorneys' and experts' fees under Title VII and 42 U.S.C. Sec. 1981. Plaintiff seeks all reasonable and necessary attorneys' fees in

this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## VIII.
## JURY DEMAND

20. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

/s/ Kell A. Simon
Kell A. Simon
State Bar No. 2406088
ATTORNEY FOR PLAINTIFF